SECURITY BANK & TRUST COMPANY *v.* WARREN LIGHT
& WATER COMPANY.

Opinion delivered December 14, 1925.

1. CORPORATIONS—VALIDITY OF BONDS.—Where the owner of a corporation pledged its bonds secured by an unrecorded mortgage of the corporation's property, and subsequently transferred the property of the corporation to another corporation which he likewise owned, it was not a good defense to a foreclosure suit that the bonds were not authorized by the Railroad Commission or stockholders or certified by a trustee named in the mortgage, or that the corporation never received the proceeds.

2. MORTGAGES—VALIDITY OF UNRECORDED MORTGAGE.—A corporate mortgage is good between the parties, though it is neither acknowledged nor recorded.

Appeal from Bradley Chancery Court; *E. G. Hammock,* Chancellor; reversed.

*Fred L. Purcell,* for appellant.

*Clary & Ball* and *Wilson & Martin,* for appellee.

HUMPHREYS, J.    This suit was brought in the chancery court of Bradley County on June 22, 1925, by appellants against appellees, Warren Light & Water Company and others, and afterwards amended so as to make the Republic Power & Service Company a party defendant to the suit, to obtain judgment for $30,000 and interest on certain bonds, and to foreclose a mortgage executed to secure same upon the property described therein.   These bonds were a part of an $80,000 bond issue.   The bonds and mortgage were executed by the president and secretary of the Warren Light & Water Company.   The bonds contained a provision that they should not be valid until certified by the trustee therein named.   The trustee refused to countersign them because they were not authorized by the Arkansas Corporation Commission. After the bonds were executed, the whole issue was left with S. R. Morgan of Little Rock, who hypothecated $30,000 of them, along with other collateral, on August 14, 1920, for a loan of $65,000 to the Security Bank & Trust Company, one of the appellants herein.   The other appellant, S. S. McConnell, became receiver for the Security Bank & Trust Company when it failed in business, by virtue of his office of Superintendent of Banks for the State of Tennessee.   Morgan failed to pay the $65,000 loan when it matured; so the bank sold the bonds pledged to it under the terms of the collateral note and bought them at the sale for a nominal sum, after which it and its receiver brought this foreclosure proceeding. On June 30, 1920, the Warren Light & Water Company conveyed all of its property, by warranty deed, to Morgan & Company. Morgan & Company afterwards changed its name to the Republic Power & Service Company.

The following defenses were interposed to the suit: first, that the bonds were not authorized by the Arkansas Corporation Commission nor by the stockholders of the Warren Light & Water Company; second, that they were not certified by the trustee; and third, that the War-

ren Light & Water Company never got the proceeds of the loan.

The cause was submitted upon the pleadings and testimony, which resulted in a decree dismissing appellants' bill, from which an appeal has been duly prosecuted to this court.

The facts gleaned from a careful reading and analysis of the testimony, succinctly stated, are as follows: S. R. Morgan and his associates, M. B. Morgan, A. G. Miller, R. H. Burtz, and F. J. Dove, bought all the stock of the Warren Light & Water Company in 1917; at that time this company was a Bradley County corporation capitalized at $50,000; in the purchase S. R. Morgan became the owner of stock to the amount of $48,000 and Burtz and Miller became the owners of the other $2,000 except three shares; according to the books, these three shares were owned by the Wheelers in 1919; the following year only one share seemed to be outstanding, and it was owned, according to the books, by J. N. Wheeler; Miller was made president and Burtz secretary of the company; to all intents and purposes S. R. Morgan and his associates were the directors and stockholders of the corporation; S. R. Morgan, however, controlled and directed the affairs of the corporation, and Miller and Burtz obeyed his orders; he handled the funds and completely dominated the firm; on August 17, 1919, pursuant to resolution, the president and secretary were directed to issue 80 serial bonds of $1,000 each and to execute a mortgage on the company's property to secure same, presumably to obtain a loan to pay indebtedness and enlarge the plant; pursuant to the resolution the bonds were issued and signed, and the mortgage was executed and the seal of the company impressed thereon; the bonds were not authorized by the Arkansas Corporation Commission or certified by the trustee named therein; they were turned over to S. R. Morgan, who negotiated a loan and pledged $30,000 of them to appellant bank herein, upon the representation that they were valid,

binding obligations upon his corporation, notwithstanding the fact that they had not been presented for allowance to the commission and had not been countersigned by the trustee; he represented that the trustee had refused to act and that his failure to countersign the bonds did not invalidate them; the mortgage was not acknowledged nor placed of record; after the issuance of the bonds, execution of the mortgage, negotiation of the loan, and pledge of the bonds, the Warren Light & Water Company sold and conveyed its corporate property to Morgan & Company, which company was in fact S. R. Morgan; a short time thereafter Morgan & Company changed its name to the Republic Power & Service Company; this company was made a party defendant to this suit, and did not offer to file an answer until the day of the trial; the court refused to permit it to do so at that late date.

Under these findings of fact clearly reflected by the record we do not think the technical defenses made by appellees had any place in the case. So far as this transaction is concerned, the Warren Light & Water Company must be regarded and treated as a partnership composed of S. R. Morgan and his associates. It was what might aptly be denominated a one-man corporation. To allow it to avoid its bonded obligation and escape with its property would, in effect, permit its owner, under corporate cloak, to obtain money from a fellow man through deceit and fraud with impunity. S. R. Morgan and his associates are clearly estopped by the representations he made to deny liability on the bonds or repudiate the mortgage. The mortgage was good between the parties, whether acknowledged and recorded or not. Under this view of the evidence the decree must be reversed, but, in doing so, we think the Republic Power & Service Company should be permitted to file its answer and assert any equities it may have in the property, if any it has. It is so ordered.